JOE SHIELDS IN PRO PER
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603
antitelemarketer@gmail.com

United States Courts
Southern District of Texas
FILED
JUN 11 2026
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS<br><br>Plaintiff<br><br>vs.<br><br>SALLY HARRIS BRANSON INDIVIDUALLY, RANDAL LUTHER HALE INDIVIDUALLY, JOSEPH DOMINICK MATRANGA INDIVIDUALLY, SHAWNA RENE TALTON INDIVIDUALLY AND JOHN DOE ROBOTEXT BLASTERS<br><br>Defendants | ) | CIVIL ACTION No. 4:26-cv-4625<br><br>COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF<br><br>JURY TRIAL REQUESTED |

ORIGINAL COMPLAINT

Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200, Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 and the Common Law Torts of Trespass to Chattels Restatement (2nd) Torts §217 and Intrusion Upon Seclusion Restatement (2nd) of Torts, §652B to obtain statutory monetary damages, common law monetary damages, a permanent injunction and all other equitable relief the Plaintiff is entitled to under the TCPA, TB&CC and Common Law.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

2. This court has personal jurisdiction over the Defendants Sally Harris Branson, Randal Luther Hale, Joseph Dominick Matranga and Shawna Rene Talton and their robocall blaster(s) because the violations of Federal and State law and the Common Law torts of Trespass to Chattels and Intrusion Upon Seclusion were committed in this district.

3. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas. Plaintiff's cell phone number is in area code 281 which is in this district.

## ARTICLE III STANDING

4. Plaintiff has suffered concrete injuries through the making of the unwanted and unauthorized robotexts to Plaintiff's cellular telephone number. Any unwanted and unauthorized robotext negatively affects Plaintiff's property and privacy.

5. The Defendant's unwanted and unauthorized robotexts invaded Plaintiff's property and privacy and caused the Plaintiff to suffer actual harm, nuisance, aggravation, to waste precious time in responding to the robotexts, caused the Plaintiff to suffer lost value of the cellular services Plaintiff pays for, used up physical space on Plaintiffs cell phone and caused the Plaintiff to suffer a loss of the use and enjoyment of his cell phone including wear and tear to his cell phones data, memory, software, hardware and battery among other harms. Plaintiff's concrete injuries are ongoing and redressable by this Honorable Courts power to grant statutory monetary damages and permanent injunctive relief.

## PLAINTIFF

6. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber and has had his current cell phone number since March of 2013. Plaintiff's cell phone number is 281-704-8697. Plaintiff is 75 years old and is going blind from macular degeneration. Plaintiff also suffers from degenerative disc disease which makes it hard for Plaintiff to walk at times. Additionally, Plaintiff suffers from acute panic attacks brought on be taking Chantix a stop smoking medication. Plaintiff is a retired NASA engineer and deserves to live his last few golden years free of the intrusion and harassment of unwanted and unauthorized political robotexts.

7. Plaintiffs cell phone is for his personal use and is used to communicate with his friends and his family and no one else period. Plaintiff has never asked for anyone outside of his family and friends to send texts to his cell phone. Plaintiff has a landline telephone number which is used generally for doctor appointments, auto dealer appointments, bank notifications and transactions, etc.

8. Prior to the events complained about, Plaintiff did not seek contact with any of the Defendants or anyone acting on behalf of the Defendants. Further, Plaintiff has never provided prior express consent to any of the Defendants or anyone acting in concert with the Defendants for robotexts to be sent to Plaintiff's cellular telephone number 281-704-8697.

DEFENDANTS

9. The Defendants are politicians that promoted their election campaign and political agenda using robotexts sent to cellular telephone numbers from purchased lists of cell phone numbers without the required consent of the recipients of the robotexts. Each Defendant conspired with the other Defendants and their robotext blaster to send unwanted and unauthorized robotexts to recipient's cell phone number. Each Defendant ratified their liability under the TCPA and Common Law by personally authorizing the transmission of the robotexts. Each

Defendant benefitted from and is subsequently liable for the transmission of the robotexts.

10. Sally Harris Branson is an individual (hereinafter "Branson") The Defendant Branson is a politician. The Defendant Branson may be served by serving the Defendant Branson at Defendant Branson's personal residence.

11. Randal Luther Hale is an individual (hereinafter "Hale") The Defendant Hale is a politician. The Defendant Hale may be served by serving the Defendant Hale at Defendant Hale's personal residence.

12. Joseph Dominick Matranga is an individual (hereinafter "Matranga") The Defendant Matranga is a politician. The Defendant Matranga may be served by serving the Defendant Matranga at Defendant Matranga's personal residence.

13. Shawna Rene Talton is an individual (hereinafter "Talton") The Defendant Talton is a politician. The Defendant Talton may be served by serving the Defendant Talton at Defendant Talton's personal residence.

14. The John Doe Robotext Blaster(s) are at this time unknown but is/are expected to be identified during discovery and subsequently served once added to an amended complaint.

THE ROBOTEXTS

15. The Defendants Hale, Talton, Branson and Matranga acting in concert with each other and their Robotext Blaster used an

especially pernicious form of promoting Defendants political agenda: the transmission of unwanted and unauthorized robotexts to Plaintiff's and others cellular telephone without the required prior express consent of the recipients of the robotexts.

16. One unwanted and unauthorized robotext was transmitted on the behalf of the Defendants Hale and Talton to Plaintiff's cellular telephone number 281-704-8697 on April 27th, 2026 at 06:32 p.m. from a landline telephone number 409-282-4628.

17. Another unwanted and unauthorized robotext which was very similar to the Hale and Talton robotext was transmitted on behalf of the Defendants Branson and Matranga on May 2nd, 2026 at 12:48 p.m. also from a landline telephone number 281-947-3861.

18. Each of the Defendants Hale, Talton, Branson and Matranga definitively engaged with and authorized the robotexts to be transmitted to Plaintiff's cell phone number.

19. Both the 409-282-4628 and 281-947-3861 landline telephone numbers are robotext enabled landline telephone numbers that are not available for personal or individual use. Calling CID number 409-282-4628 reaches a constant busy number indicating an autodialer in constant use. Calling CID number 281-947-3861 reaches a disconnected number recording indicative of an autodialer robotexting operation.

20. The robotexts were not transmitted from any personal cell phone number. The robotexts exceeded the size limits for

personal cell phone SMS text messages of 170 characters. Thus, the robotexts were sent using an automated system configured to send not singular but massive numbers of robotexts in a short period of time.

21. Plaintiff responded to the Defendants Hale and Talton April 27th, 2026 robotext with "Who is this?" and received no response. Plaintiff then responded with "Hello any human being there?" and again received no response. Plaintiff then responded to Defendants Hale and Talton robotext with "Do not robotext me again!" and again received no response. If a human being had sent the robotext they would have reacted in some manner to Plaintiffs numerous responses.

22. Plaintiff responded to the Defendants Branson and Matranga May 2nd, 2026 robotext with "Who is this?" and received no response. Plaintiff then responded with "Hello any human being there?" and again received no response. Plaintiff then responded to Defendants Hale and Talton robotext with "Don't ever robotext me again!" and again received no response. Again, if a human being had sent the robotext they would have reacted in some manner to Plaintiffs numerous responses.

23. The robotext was clearly and unequivocally sent using an automatic telephone dialing system (ATDS) which is a violation of the TCPA and TB&CC and Common Law. The actual dialing of Plaintiff's cell phone number was completely automated.

24. There was no affirmative **manual** (emphasis added) dialing of Plaintiff's cell phone number by any click agent. If a click agent did not engage in affirmative manual dialing i.e. simply clicking on send repetitively as fast as they can, then the dialing system is an ATDS as defined by the statute and the Federal Communications Commission (hereinafter "FCC").

25. The dialing system commissioned by the Defendants Hale, Talton, Branson and Matranga has the **capacity** (emphasis added) to store, produce, harvest or generate telephone numbers. The automated dialing system used by the Defendants is capable of sending robotexts to thousands of numbers either randomly, sequentially and/or from a stored database of cell phone telephone numbers.

26. Lists containing cell phone numbers were purchased by the Defendants Hale, Talton, Branson and Matranga. These sequential or randomly generated lists were then loaded into the John Doe Robotext Blaster mass texting system. The automatic telephone dialing system used by Defendants to blast thousands of scripted and impersonal robotexts meet the definition of ATDS under the TCPA, FCC rules and Supreme Court ruling.

27. Plaintiff mailed cease and desist letters to each Defendant by verifiable means. Each Defendant failed to acknowledge Plaintiff's cease and desist demand. Each Defendant failed to

notify their robotext blaster of Plaintiffs cease and desist demand.

## THE TCPA

28. SMS Text messages also referred to as robotexts are "automatically dialed calls" as defined by the TCPA, the FCC, the majority of courts that have had the opportunity to entertain similar claims and with specificity a Texas law. See TB&CC 304.002(10)(c). ""Telephone call" means a call … …including a transmission of a text…" The TCPA prohibits making robotexts to cell phone numbers without prior express consent of the called party or an emergency purpose.

29. Recently, entities seeking to circumvent the TCPA have claimed that a nebulous human intervention magically converts an automatic dialing system into a manual dialing system. Such reasoning is absurd as human intervention must power up any automatic dialing system before it can be used which does not convert an ATDS to a manual dialer. Further, there is no and the FCC has not created a human intervention exemption from the TCPA. In fact, human intervention or manual dialing language is not found anywhere in the TCPA or FCC rules.

30. All automated calls, including robotexts, made to cellular telephone numbers are prohibited by the TCPA without consent of the called party or emergency purpose. Substituting a

perfunctory human to make one step of an automated dialing process does not convert an ATDS into a manual dialing system.

31. The proscription on robotexts without consent of the called party or an emergency purpose applies to **all** (emphasis added) text messages regardless of the merit of the message. That includes text messages for political, charity, debt collection, survey, and even informational purposes.

32. The only two exemptions in the TCPA for robotexts to cell phone numbers are prior express consent of the called party or an emergency purpose. And neither exemption applies to the Defendants unwanted and unauthorized robotexts. There was never any consent from the Plaintiff for such robotexts to be sent to his cellular telephone number and the robotext was not made for any emergency purpose.

33. The Defendants Hale, Talton, Branson and Matranga are vicariously liable under the TCPA even though they may not be the one that actually sent the robotext. The TCPA and FCC Rules hold the party on whose behalf the robotext was sent bears ultimate responsibility for the violations of the TCPA and the FCC rules.

TEXAS BUSINESS AND COMMERCE CODE

34. TB&CC §305.053 provides for a separate private right of action for the receipt of a communication which violates ***any*** of the rules of the TCPA or ***any*** provision under the CFR implementing the TCPA. Unwanted and unauthorized robotexts made to cellular

telephone numbers without prior express consent of the called party or an emergency purpose are an invasion of the called party's privacy a separately quantifiable and actionable injury under TB&CC §305.053. The Texas Statute prohibition on robotexts without consent of the recipient of the robotext or an emergency purpose applies to all robotexts regardless of content of the robotext.

COMMON LAW

TRESPASS TO CHATTELS

35. Appropriating the property of another without that person's consent is inconsistent with the fundamental view of property rights as significant, regardless of how much of it is at stake. The element for a claim of trespass to chattels is an intentional interference with another person's lawful possession of a personal and private property. See Restatement 2nd Torts §217. In order to have a trespass to chattel claim, one is required to show that there was an intent to trespass on private property, there was no consent to trespass and the trespass dispossessed the owner of the chattel, used or meddled with the chattel belonging to another person and interfered with the chattel belonging to another person.

36. Generally, an entity will be held liable for a trespass to chattel if the entity dispossessed the private property without consent of the rightful owner. The Defendants, acting in concert with each other and their robotext blaster, disposed Plaintiff of

his cell phone and intentionally used Plaintiff's cell phone for their own avaricious purposes.

37. A dispossession may be committed by intentionally taking a chattel from the possession of another without the others consent. Liability ensues when the trespasser dispossesses the possessor of his chattel. See Restatement 2nd Torts §221. Here the Defendants acting in concert intentionally took possession of Plaintiffs cell phone and deposited an unwanted and unauthorized robotext on Plaintiff's cell phone which to this day occupies the limited memory on Plaintiff's cell phone.

38. There was never any attempt by any of the Defendants to obtain Plaintiff's consent to trespass on Plaintiff's cell phone and deposit an unwanted and unauthorized robotext on his cell phone. Therefore, the Defendant, acting in concert with each other and their robotext blaster, entered upon and remain upon Plaintiff's chattel to this day without having the privilege to do so which constitutes an ongoing trespass to Plaintiff's chattels.

INTRUSION UPON SECLUSION

39. One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another is subject to liability for the invasion of another's privacy, if the intrusion would be highly offensive to a reasonable person. See Restatement (2nd) of Torts, §652B. The element for a claim of intrusion to seclusion is an intentional intrusion upon seclusion, the intrusion is highly

offensive to a reasonable person and the intrusion caused anguish or suffering. Liability attaches to the intrusion itself.

40. The right to privacy is recognized in the great majority of American jurisprudence. The Defendants intentional intrusion on Plaintiff's privacy invaded Plaintiff's solitude and seclusion. The Defendants robotexts constitute an intentional intrusion upon Plaintiff's solitude and seclusion. There was never any consent from the Plaintiff for any of the Defendants to intrude upon Plaintiff's solitude and seclusion.

## VIOLATIONS OF THE TCPA

41. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

### Count I

42. On April 27th, 2026 at 06:32 p.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendants Hall and Talton acting in concert with one another and with their John Doe Robotext Blaster. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-8697. Thus, the initiation of such robotext is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

### Count II

43. On May 2nd, 2026 at 12:48 p.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendants Branson and Matranga acting in concert with one another and their John Doe Robotext Blaster. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number 281-704-8697. Thus, the initiation of such robotext is a violation of 47 U.S.C. (b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii).

VIOLATIONS OF THE TB&CC

Count III

44. On April 27th, 2026 at 06:32 p.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendant Hale and Talton acting in concert with one another and their John Doe Robotext Blaster. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number. Thus, the initiation of such multimedia text message is a violation of TB&CC §305.053.

Count IV

45. On May 2nd, 2026 at 12:48 p.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by the Defendant Branson and Matranga acting in concert with one another and their John Doe

Robotext Blaster. There was never any prior express consent from the Plaintiff for such a robotext to be transmitted to Plaintiff's cellular telephone number. Thus, the initiation of such multimedia text message is a violation of TB&CC §305.053.

COMMON LAW TORTS

Trespass To Chattels

Count V

46. On April 27th, 2026 at 06:32 p.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendants Hale and Talton acting in concert with one another and their John Doe Robotext Blaster. The Defendants Hale, Talton and their John Doe Robotext Blaster intentionally interfered with and trespassed upon Plaintiff's lawful possession of his personal property. The Defendants Hale, Talton and their John Doe Robotext Blaster did not have Plaintiff's consent to trespass upon and seize Plaintiff's cell phone and deposit an unwanted and unauthorized robotext on Plaintiff's cell phone.

Count VI

47. On May 2nd, 2026 at 12:48 p.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendants Branson and Matranga acting in concert with one another and their John Doe Robotext Blaster. The Defendants Branson, Matranga and their John

Doe Robotext Blaster intentionally interfered with and trespassed upon Plaintiff's lawful possession of his personal property. The Defendants Branson and Matranga did not have Plaintiff's consent to trespass upon and seize Plaintiff's cell phone and deposit an unwanted and unauthorized robotext on Plaintiff's cell phone.

Intrusion upon Seclusion

Count VII

48. On April 27th, 2026 at 06:32 p.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendants Hale and Talton acting in concert with one another and their John Doe Robotext Blaster. The Defendants Hale, Talton and their John Doe Robotext Blaster intentionally intruded upon the solitude and seclusion of the Plaintiff. Defendants Hale, Talton and their John Doe Robotext Blaster intrusion upon Plaintiff's solitude and seclusion was and is highly offensive to any reasonable person.

Count VIII

49. On May 2nd, 2026 at 12:48 p.m. CST an unwanted and unauthorized robotext was sent to Plaintiff's cellular telephone number 281-704-8697. The robotext was sent by Defendants Branson and Matranga acting in concert with one another and their John Doe Robotext Blaster. The Defendants Branson, Matranga and their John Doe Robotext Blaster intentionally intruded upon the solitude and seclusion of the Plaintiff. Defendants Branson, Matranga and their

John Doe Robotext Blaster intrusion upon Plaintiff's solitude and seclusion was and is highly offensive to any reasonable person.

APPLICABLE TO ALL COUNTS

50. Plaintiff has suffered actual damages from the invasion of Plaintiff's privacy caused by the unwanted and unauthorized robotexts to his cellular telephone number. The TCPA and TB&CC each state that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages and/or an injunction for violations of the TCPA. See 47 U.S.C. §227(b)(3) and TB&CC §305.053. Consequently, Plaintiff hereby seeks statutory damages and an injunction prohibiting all of the Defendants from transmitting any more robotexts to Plaintiff's cell phone number 281-704-8697.

DAMAGES

Hale, Talton and John Doe Robotext Blaster

51. For the April 27th, 2026 robotext, Plaintiff seeks statutory damages of $500.00 for each violation of the TCPA and statutory damages of $500.00 for each violation of the TB&CC. Further, Plaintiff seeks treble damages for each violation of the TCPA and TB&CC. Additionally, Plaintiff seeks an award for mental anguish damages and exemplary damages under Common Law for each Trespass to Chattels and each Intrusion to Seclusion sufficient enough to deter the Defendants from engaging in the same behavior in the future.

Branson, Matranga and John Doe Robotext Blaster

52. For the May 2nd, 2026 robotext, Plaintiff seeks statutory damages of $500.00 for each violation of the TCPA and statutory damages of $500.00 for each violation of the TB&CC. Further, Plaintiff seeks treble damages for each violation of the TCPA and TB&CC. Additionally, Plaintiff seeks an award for mental anguish damages and exemplary damages under Common Law for each Trespass to Chattels and each Intrusion to Seclusion sufficient enough to deter the Defendants from engaging in the same behavior in the future.

PERMANENT INJUNCTIVE RELIEF

53. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A), TB&CC §305.053 and Common Law.

54. Plaintiff alleges that each Defendant and their Robocall Blaster will continue to irreparably harm Plaintiff by continuing to transmit unwanted and unauthorized robotexts to Plaintiffs' cellular telephone number without prior express consent of the Plaintiff. Plaintiff believes that each Defendant will continue to, in the future, send robotexts to purchased lists of cell phone numbers which include Plaintiffs cell phone number using the same or another Robotext Blaster. Plaintiff alleges that each Defendant and their Robocall Blaster will continue to irreparably harm Plaintiff by trespassing on his private property and his privacy without consent of the Plaintiff. Plaintiff alleges that each of the Defendants will

continue to irreparably harm Plaintiff by intentionally, oppressively and recklessly trespassing upon the private property of the Plaintiff and intentionally intruding on the privacy of the Plaintiff.

55. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A), TB&CC §305.053 and/or Common Law hereby seeks a permanent injunction barring the Defendants Hale, Talton, Branson, Matranga and their Robocall Blaster from continuing to violate the TCPA and Common Law by:

a. Making or assisting, facilitating, permitting or causing text messages of any kind to be made to Plaintiff's cellular telephone number 281-704-8697 without the consent of the Plaintiff.

b. Trespassing upon the private chattels of the Plaintiff by making or assisting, facilitating, permitting or causing text messages of any kind to be transmitted to Plaintiff's cellular telephone number 281-704-8697 without the consent of the Plaintiff.

c. Intruding on the seclusion of the Plaintiff by making or assisting, facilitating, permitting or causing text messages of any kind to be transmitted to the Plaintiff's cellular telephone number 281-704-8697 without the consent of the Plaintiff.

## PRAYER FOR RELIEF

56. WHEREFORE, premises considered, Plaintiff prays that each Defendant be cited to appear and answer herein and that upon trial hereof this Honorable Court grant statutory monetary damages, treble monetary damages, common law damages for trespass to chattels and intrusion upon seclusion and grant a permanent injunction and any further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603
antitelemarketer@gmail.com