**RANDAL LUTHER HALE, PRO SE**
**902 Applewood Drive**
**Friendswood, Texas 77546**
**Telephone: (832) 746-6844**
**Email: randyhaleforfriendswood@gmail.com**

**SHAWNA RENE TALTON, PRO SE**
**35 Wilderness Trail**
**Friendswood, Texas 77546**
**Telephone: (281) 686-0348**
**Email: shawna.talton@gmail.com**

United States Courts
Southern District of Texas
FILED
July 01, 2026
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

JOE SHIELDS,
Plaintiff,

v. Civil Action No. 4:26-cv-04625

SALLY HARRIS BRANSON,
RANDAL LUTHER HALE,
SHAWNA RENE TALTON,
and ALL OTHER DEFENDANTS NAMED IN PLAINTIFF'S COMPLAINT,

Defendants.

**DEFENDANTS RANDAL LUTHER HALE'S AND SHAWNA RENE TALTON'S ORIGINAL ANSWER (FILED ONLY ON THEIR OWN BEHALF)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants **Randal Luther Hale** ("Hale") and **Shawna Rene Talton** ("Talton"), appearing **pro se**, file this Original Answer to Plaintiff Joe Shields' Complaint pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure. This Answer is filed solely on behalf of Hale and Talton. No other named defendant joins in this Answer, and Hale and Talton do not appear for, represent, or answer on behalf of any other defendant named in Plaintiff's Complaint.

**I. GENERAL RESPONSE**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Hale and Talton deny each allegation contained in Plaintiff's

Complaint except those expressly admitted herein. Any allegation not specifically admitted is denied.

To the extent the Complaint contains legal conclusions rather than factual allegations, no response is required. To the extent a response is deemed necessary, Hale and Talton deny those legal conclusions.

Hale and Talton further deny that Plaintiff is entitled to any of the relief requested in the Complaint and demand strict proof of every allegation and every element of every claim asserted.

## II. PRELIMINARY STATEMENT

1. This lawsuit arises from a single political campaign text message sent during the course of a local municipal election.

2. Plaintiff attempts to characterize that communication as violating both the federal Telephone Consumer Protection Act ("TCPA") and provisions of the Texas Business & Commerce Code.

3. Hale and Talton deny that the communication violated either federal or Texas law.

4. The message was a political campaign communication, not a commercial solicitation.

5. The telephone number at issue was selected from an existing voter contact list rather than generated through a random or sequential number generator.

6. The campaign utilized commercially available campaign-texting software solely as a transmission platform for previously identified recipients.

7. The text message identified itself as a paid political advertisement and included an opt-out instruction advising recipients to reply "STOP" to discontinue future messages.

8. After Plaintiff indicated that he did not wish to receive additional campaign communications, his number was designated as a "Do Not Call" contact within the campaign's messaging platform.

9. Hale and Talton deny that Plaintiff suffered any legally cognizable injury or damages as a result of the single text message alleged in the Complaint.

10. Hale and Talton further deny that Plaintiff is entitled to statutory damages, enhanced damages, attorney's fees, injunctive relief, declaratory relief, or any other remedy requested.

## III. RESPONSES TO PLAINTIFF'S ALLEGATIONS

The following responses are made pursuant to Rule 8(b). To the extent any allegation is not specifically addressed below, it is denied.

### Parties

11. Hale admits that he is an individual residing in Galveston County, Texas.

12. Talton admits that she is an individual residing in Galveston County, Texas.

13. Hale and Talton lack sufficient knowledge to admit or deny Plaintiff's allegations concerning any other defendant except to the extent those allegations relate specifically to Hale or Talton, and therefore deny them.

14. Hale and Talton admit only that Plaintiff has filed this lawsuit.

### Jurisdiction and Venue

15. Hale and Talton do not contest this Court's subject-matter jurisdiction solely for purposes of this Answer.

16. Hale and Talton do not contest venue in the Southern District of Texas solely for purposes of this Answer.

17. Except as expressly admitted, all remaining allegations concerning jurisdiction or venue are denied.

## IV. RESPONSES TO THE REMAINING FACTUAL ALLEGATIONS

18. Hale and Talton admit that campaign-related text messages were transmitted during the municipal election campaign in which they were candidates. Except as expressly admitted, all remaining allegations are denied.

19. Hale and Talton deny that they initiated or caused any telephone call or text message using an automatic telephone dialing system ("ATDS") as that term has been defined by the United States Supreme Court.

20. Hale and Talton deny that any telephone numbers used in the campaign were generated by a random or sequential number generator. Rather, campaign communications were directed to telephone numbers contained in pre-existing voter information maintained in existing voter contact lists.

21. Hale and Talton deny that the campaign messaging platform possessed or utilized the capability to randomly or sequentially generate telephone numbers for purposes of sending the communications alleged in the Complaint.

22. Hale and Talton deny that they knowingly or intentionally violated the Telephone Consumer Protection Act, the Texas Business & Commerce Code, or any other federal or state statute.

23. Hale and Talton admit that campaign communications identified themselves as political advertising and contained instructions permitting recipients to opt out of receiving future communications by replying "STOP" or substantially similar language.

24. Hale and Talton admit that, after Plaintiff indicated he no longer wished to receive campaign communications, Plaintiff's telephone number was designated as a "Do Not Call" contact within the campaign messaging platform.

25. Hale and Talton deny that Plaintiff received repeated unwanted campaign communications after exercising his right to opt out.

26. Hale and Talton deny that Plaintiff suffered any actual injury, loss, annoyance, invasion of privacy, economic damages, emotional distress, or other legally compensable damages caused by any act or omission of Hale or Talton.

27. Hale and Talton deny that Plaintiff is entitled to statutory damages, treble damages, attorney's fees, costs, prejudgment interest, post-judgment interest, injunctive relief, declaratory relief, or any other remedy requested in the Complaint.

28. Hale and Talton deny each and every remaining allegation not specifically admitted herein.

## V. AFFIRMATIVE DEFENSES

Without assuming any burden that otherwise rests upon Plaintiff, and expressly reserving all additional defenses that may become available through discovery, Hale and Talton assert the following affirmative defenses.

**First Affirmative Defense - Failure to State a Claim**

Plaintiff's Complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the factual allegations, even if accepted as true, do not establish liability against Hale or Talton.

**Second Affirmative Defense - No Automatic Telephone Dialing System**

Plaintiff's federal TCPA claim fails because the Complaint does not allege facts demonstrating the use of an Automatic Telephone Dialing System as required by the TCPA.

The United States Supreme Court held in **Facebook, Inc. v. Duguid, 592 U.S. 395 (2021)**, that equipment qualifies as an ATDS only if it uses a **random or sequential number generator to either store or produce telephone numbers and dial those numbers.**

The communications alleged by Plaintiff were transmitted using telephone numbers selected from an existing voter contact database rather than numbers generated randomly or sequentially.

Accordingly, Plaintiff has failed to plead facts establishing an essential element of a TCPA claim.

See Exhibits A and B, attached hereto.

**Third Affirmative Defense - Political Speech Protected by the First Amendment**

The communications alleged in the Complaint consisted solely of political campaign speech concerning candidates for public office and issues of public concern.

Political campaign communications occupy the highest level of protection under the First Amendment to the United States Constitution and Article I, Section 8 of the Texas Constitution.

To the extent Plaintiff seeks to impose liability based solely upon protected political expression, the Complaint is barred or limited by constitutional protections.

Nothing in this Answer should be construed as conceding that the TCPA or any Texas statute applies to the communications alleged.

**Fourth Affirmative Defense – Texas Business & Commerce Code Does Not Apply**

Plaintiff also seeks relief under provisions of the Texas Business & Commerce Code commonly referred to as the Texas Mini-TCPA.

Hale and Talton deny that the alleged communications constitute commercial telephone solicitations regulated by Chapter 302.

The communications were political campaign messages and were not made for the purpose of encouraging the purchase or rental of goods or services.

Accordingly, the Texas statutory provisions relied upon by Plaintiff do not apply to the communications alleged in the Complaint.

See Exhibits A and B, attached hereto.

**Fifth Affirmative Defense – Good Faith**

At all relevant times, Hale and Talton acted in good faith and reasonably believed that their campaign communications complied with applicable federal and Texas law.

Campaign communications were transmitted using commercially available software widely used by political campaigns and relied upon existing voter contact information.

Any alleged violation was neither knowing nor willful.

Accordingly, Plaintiff cannot establish entitlement to enhanced or treble statutory damages.

**Sixth Affirmative Defense – Lack of Injury**

Plaintiff has failed to plead or prove facts establishing that he sustained any legally cognizable injury fairly traceable to Hale or Talton.

Hale and Talton deny that Plaintiff suffered actual damages or any compensable injury resulting from the single political campaign communication alleged.

**Seventh Affirmative Defense - Failure to Mitigate**

To the extent Plaintiff contends he suffered continuing injury, any such damages were avoidable because the campaign communication included a functioning opt-out mechanism, and Plaintiff's number was promptly designated as a "Do Not Call" contact after his request.

Accordingly, any recoverable damages, if any, must be reduced or barred.

**Eighth Affirmative Defense - Reservation of Additional Defenses**

Discovery has not yet commenced.

Hale and Talton therefore reserve the right to amend this Answer to assert additional affirmative defenses, counterclaims, or other matters that become known through discovery or further investigation, as permitted by the Federal Rules of Civil Procedure.

**Ninth Affirmative Defense - Failure to Plead Willful or Knowing Conduct**

Plaintiff seeks statutory and, to the extent requested, enhanced damages under the Telephone Consumer Protection Act. Hale and Talton deny that any alleged conduct was knowing or willful. The Complaint fails to allege sufficient facts demonstrating that Hale or Talton knowingly or intentionally violated the TCPA or any applicable Texas statute. Accordingly, Plaintiff is not entitled to enhanced statutory damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants **Randal Luther Hale** and **Shawna Rene Talton** respectfully request that, upon final hearing, the Court enter judgment as follows:

A. That Plaintiff take nothing by his claims against Defendants Randal Luther Hale and Shawna Rene Talton;

B. That Plaintiff's Complaint be dismissed with prejudice as to these Defendants;

C. That Plaintiff be denied all statutory damages, enhanced damages, attorney's fees, costs, expenses, injunctive relief,

declaratory relief, and all other relief requested against these Defendants;

D. That Defendants recover their taxable costs to the extent permitted by Rule 54(d) of the Federal Rules of Civil Procedure and any other applicable law;

E. That Defendants receive such other and further relief, at law or in equity, to which they may be justly entitled.

---

## VII. RESERVATION OF RIGHTS

Defendants expressly reserve all defenses available under the Federal Rules of Civil Procedure, including Rules 12, 15, 26, 50, 56, and all other applicable provisions of federal law.

Defendants further reserve the right to amend or supplement this Answer as permitted by Rule 15 of the Federal Rules of Civil Procedure if additional facts become known through discovery or investigation.

Nothing contained in this Answer shall be construed as a waiver of any defense, objection, privilege, immunity, or right available under federal or Texas law.

---

## VIII. JURY DEMAND

To the extent any claim asserted by Plaintiff remains triable after disposition of any motions authorized by the Federal Rules of Civil Procedure, Defendants Randal Luther Hale and Shawna Rene Talton respectfully demand a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

---

Defendants incorporate by reference the documents attached as Exhibits A and B in support of the affirmative defenses asserted herein.

Respectfully submitted,

**RANDAL LUTHER HALE**
Defendant, Pro Se
902 Applewood Drive
Friendswood, Texas 77546
Telephone: (832) 746-6844
Email: randyhaleforfriendswood@gmail.com

/s/ Randal Luther Hale
**Randal Luther Hale**

**SHAWNA RENE TALTON**
Defendant, Pro Se
35 Wilderness Trail
Friendswood, Texas 77546
Telephone: (281) 686-0348
Email: shawna.talton@gmail.com

/s/ Shawna Rene Talton
**Shawna Rene Talton**

**EXHIBIT INDEX**

| EXHIBIT | DESCRIPTION |
| --- | --- |
| Exhibit "A" | Affidavit of Fact by volunteer text sender Sandra Jones Tetley. (Pages 11 - 15 of 17) |
| Exhibit "B" | Affidavit of Fact by Defendant Hale of email exchange with Project Broadcast, the text sending service. (Pages 16 - 17 of 17) |

CERTIFICATE OF SERVICE

I certify that on the 1st day of July, 2026, a true and correct copy of Defendants Randal Luther Hale's and Shawna Rene Talton's Original Answer was served upon Plaintiff Joe Shields, appearing pro se, by depositing the document in the United States Mail, first-class postage prepaid, addressed as follows:

Joe Shields, Pro Se

16822 Stardale Lane

Friendswood, Texas 77546

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Randal Luther Hale

Shawna Rene Talton