United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOE SHIELDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-4625 |
| | § | |
| SALLY HARRIS BRANSON, *et al.*; | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

# ORDER

Pending before this Court are Defendants Randal Luther Hale and Shawna Rene Talton's (collectively, "Defendants") Motion for Judgment on the Pleadings, (Doc. No. 13), Plaintiff Joe Shields' ("Shields" or "Plaintiff") Motion for Leave to File Plaintiff's First Amended Complaint, (Doc. No. 14), and Plaintiff's Motion to Strike Defendants' Third Affirmative Defense. (Doc. No. 6). Defendants have not filed a response to Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint.

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; see also Hanen L.R. 7(D). That being the case, Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint, (Doc. No. 14), is **GRANTED**. Defendants' Motion for Judgment on the Pleadings, (Doc. No. 3), is therefore **DENIED** without prejudice to refiling. The Clerk of Court is directed to file Plaintiff's First Amended Complaint, (Doc. No. 14–1), as the operative pleading. Defendants may re-urge a motion for judgment on the pleadings directed at Plaintiff's First Amended Complaint if they so choose.

That leaves Plaintiff's Motion to Strike Defendants' Third Affirmative Defense. Defendants have responded in opposition. (Doc. No. 8). After considering the motion, the response, and the law, the Court hereby **DENIES** Plaintiff's Motion to Strike.

## I. Factual Background

This case arises out of text messages sent to Plaintiff's phone in support of Defendants' political campaigns. Plaintiff alleges that Defendants Hale and Talton sent an "unwanted and unauthorized robotext" to Plaintiff's cell phone. Based on this communication, Plaintiff asserts claims for: (1) violation of the Telephone Consumer Protection Act (TCPA) and its implementing legislation, (2) violation of Texas Business and Commerce Code (TBCC) § 305.053, (3) trespass to chattels, and (4) intrusion upon seclusion.

Defendants Hale and Talton filed an answer to Plaintiff's complaint, asserting, among other things, an affirmative defense stating that, "[t]he communications alleged in the Complaint consisted solely of political campaign speech," and because of this, "the Complaint is barred or limited by constitutional protections" to the extent it seeks to impose liability based solely upon protected political expression. (Doc. No. 4 at 5). Plaintiff has now moved to strike that affirmative defense.

## II. Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "[M]otions to strike a defense are generally disfavored . . . ." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "Striking an affirmative defense is rare and warranted only when a defense 'cannot, as a matter of law, succeed under any circumstance.'" *Njoku v. Harris Cnty. Hosp. Dist.*, 2024 WL 23175, at *2 (S.D. Tex. Jan. 2, 2024) (quoting *Moody Nat'l CI*

*Grapevine S., L.P. v. TIC Tex. Two 23, L.L.C.*, 2019 WL 5595332, at *2 (S.D. Tex. Oct. 30, 2019) (quotation omitted)). Stated otherwise, "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)).

Importantly, "[a]ffirmative defenses are not subject to the heightened pleading requirements stated in" *Twombly* or *Iqbal*. *Youngers v. Scott & Assocs., P.C.*, 2025 WL 3488668, at *2 (S.D. Tex. Oct. 24, 2025) (quoting *T.R.M. v. GlaxoSmithKline LLC*, 2015 WL 12551485, at *2 (S.D. Tex. Aug. 21, 2015)), *adopted*, 2025 WL 3487703 (S.D. Tex. Dec. 4, 2025). Instead, a defendant need only "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Id.* (internal quotation marks omitted) (quoting *Alexander v. SCI Shared Res. LLC*, 2025 WL 2398769, at *2 (S.D. Tex. Aug. 1, 2025), *adopted*, 2025 WL 2480984 (S.D. Tex. Aug. 28, 2025)).

## III. Analysis

Plaintiff argues in his motion to strike that the third affirmative defense must fail because it is necessarily a First-Amendment challenge to the TCPA. The Court need not determine here whether that defense—with respect to the TCPA only—"cannot, as a matter of law, succeed under any circumstance." *Njoku*, 2024 WL 23175, at *2. This is because Plaintiff has brought two tort claims and a claim under the Texas Business and Commerce Code in addition to his claim under the TCPA. Whether the political nature of the communications bears on these claims is not addressed in Plaintiff's motion, and need not be determined at this stage. At the very least, it is not the case here that Defendants' third affirmative defense "has no possible relation to the controversy." *Id.*

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Third Affirmative Defense, (Doc. No. 6), is **DENIED**; Plaintiff's Motion to File for Leave to File Plaintiff's First Amended Complaint, (Doc. No. 14), is **GRANTED**; and Defendants' Motion for Judgment on the Pleadings, (Doc. No. 3), is **DENIED** without prejudice to refiling. Additionally, pursuant to Plaintiff's Notices of Dismissal, Joseph Dominick Matranga, (Doc. No. 5), and Sally Harris Branson, (Doc. No. 7), are hereby dismissed.

It is so ordered.

Signed on this the 17th day of November 2026.

Andrew S. Hanen
United States District Judge